[796 NYS2d 374]

In the Matter of MARION M. LESLIE (Admitted as MARION MA-
GEE LESLIE), an Attorney, Resignor.

Second Department, May 31, 2005

**APPEARANCES OF COUNSEL**

*Richard Grayson*, White Plains, for resignor.

*Gary L. Casella*, White Plains (*Faith Lorenzo* of counsel), for
Grievance Committee for the Ninth Judicial District.

**OPINION OF THE COURT**

Per Curiam.

Marion M. Leslie has submitted an affidavit dated December 2, 2004, wherein she tenders her resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Ms. Leslie was admitted to the bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on February 5, 1979, under the name Marion Magee Leslie.

Ms. Leslie is aware of a pending investigation by the Grievance Committee for the Ninth Judicial District into allegations of professional misconduct concerning her neglect of two estate matters over the past seven years or more. She acknowledges that she has not fully complied with requests for information from the Grievance Committee and submits that she has turned those matters over to new counsel.

Ms. Leslie avers that she is making this resignation voluntarily, free from coercion and duress, and with a full awareness of the implications of its submission, after reviewing it with counsel. She notes that she has experienced health problems over the past four years, including a detached retina and a fractured femur, and that her health problems continue.

Ms. Leslie acknowledges her inability to successfully defend herself on the merits against charges predicated upon the aforementioned allegations. She is aware that the Court, in any order permitting her to resign, could require her to make monetary restitution to any persons whose money or property was misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection for same. She is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against her and she specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee supports acceptance of Ms. Leslie's resignation as in the best interest of the public and as the most expeditious way to conclude this matter in order to save the Court's time and expense while protecting the public.

Inasmuch as the proffered resignation complies with all pertinent Court rules, it is accepted, Marion M. Leslie is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and SKELOS, JJ., concur.

Ordered that the resignation of Marion M. Leslie, admitted as Marion Magee Leslie, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Marion M. Leslie, admitted as Marion Magee Leslie, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Marion M. Leslie, admitted as Marion Magee Leslie, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Marion M. Leslie, admitted as Marion Magee Leslie, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Marion M. Leslie, admitted as Marion Magee Leslie, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).